UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61281-PCH

ROBERT HENRY,

      Petitioner,

vs.

WALTER McNEIL,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

Court-appointed defense counsel Jeffrey E. Feiler ("Counsel") submitted a voucher (No. FLS 049 4015) with appended time sheets requesting $29,615.87 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted detailed time sheets in support of his voucher application.

Petitioner originally filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 **[DE # 1]** (the "Petition"), *pro se,* in this Court on September 11, 2007. In the Petition, Petitioner sought to vacate his state court convictions for first degree murder, armed robbery and arson.

As Petitioner was convicted of a capital offense in state court, Peter Cannon, an attorney from the State of Florida Office of the Capital Collateral Regional Counsel, was appointed to represent Petitioner during his state and federal postconviction proceedings **[See DE # 12]** on October 11, 2007. Mr. Cannon represented Petitioner before this Court until Counsel was appointed on May 1, 2008. Counsel represented Petitioner until May 7, 2009. It is for this period of representation that Counsel seeks compensation in his fee voucher.

Counsel seeks compensation under the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A; 18 U.S.C. §3599. United States District Court Judge Paul C. Huck entered an Order of Reference **[DE # 124]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the CJA compensation provisions. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines. Section §6.02(A)(2) of the Guidelines makes clear that capital cases, unlike other felony cases, are not subject to "a statutory case compensation maximum for appointed counsel nor provision for review and approval by the chief judge of the circuit of the case compensation amount." The Guidelines do set forth maximum hourly compensation rates for appointed counsel in capital cases, however.[1] It is these maximum hourly rates that the Court's CJA administrator considered and applied to Counsel's fee voucher and which I approve as the appropriate rate of compensation for the representation provided in this case.

---

[1] The applicable rates during Counsel's representation of Petitioner are $170.00/hour (January 1, 2008 to March 10, 2009) and $175.00/hour (March 11, 2009 to May 7, 2009).

### *Voucher Amount - Administrator's Review*

The CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel originally sought compensation for 2.3 in-court hours at $175.00/hour for a total of $402.50. The CJA administrator made changes to the compensation claimed.

The CJA administrator corrected the rate used by Counsel for the 2.3 hours to reflect that the proper the maximum hourly rate allowed for in-court hours[2] in capital habeas cases during the period January 1, 2008 to March 10, 2009 was $170.00/hour. The CJA administrator reduced the total number of hours to be billed at $175.00/hour to 0.9 hours (for time incurred after March 11, 2009) and calculated the remaining 1.4 in-court hours at $170.00/hour. Thus, while the CJA administrator determined that the total number of in-court hours remained at 2.3 hours as listed by Counsel on the fee voucher, because of the corrections to the hourly rates that applied, the total amount that should have been billed for this time was $395.50.

Counsel originally sought $28,840.00 for 164.8 out-of-court hours spent on this case. The CJA administrator made a number of corrections to the out-of-court time requested by Counsel in the fee voucher. Whereas Counsel originally sought compensation for all 164.8 hours expended at the rate of $175.00/hour, the CJA administrator properly adjusted the number of hours billed at the $175.00/hour rate to only 13.8 hours (totaling $2,415.00). The CJA administrator correctly adjusted the rate for the remaining 148 out-of-court hours to $170.00/hour (totaling $25,160.00). The CJA

---

[2] The undersigned defers to the CJA administrator to verify all in-court hours expended in this case.

administrator's corrected total amount for out-of-court hours is $27,575.00 compared to Counsel's voucher application which lists the total at $28,840.00.

Counsel also sought reimbursement for travel expenses in the amount of $373.37. The CJA Administrator slightly increased the total amount of travel expenses to $374.40.

The total amount of compensation claimed by Counsel on the fee voucher was $29,615.87. As explained above, the CJA administrator determined that the correct maximum amount of compensation (after correcting mathematical errors in the fee voucher and using corrected hourly rates for death penalty cases) that Counsel documented in the fee voucher was $28,344.90 ($395.50 for in-court fees, $27,575.00 for out-of-court fees and $374.40 in travel expenses).

### *Undersigned's Review and Request For More Information*

In making this Recommendation, the undersigned reviewed the entire fee voucher, the time sheets submitted and the case record as it relates to Counsel's representation of Petitioner. Counsel originally submitted a document entitled "Itemized Billing" along with his fee voucher. Upon my initial review of the fee voucher and said Itemized Billing document, I noted a few discrepancies with respect to some of the entries for out-of-court hours listed in the Itemized Billing document. Further, some of the out-of-court entries listed in the Itemized Billing document were bereft of detail. Consequently, I asked Counsel to appear in my Chambers to discuss the fee voucher and Itemized Billing document on November 24, 2009.

### **In-Court Hours**

According to the fee voucher and the Itemized Billing document originally submitted by Counsel, Counsel sought $402.50 in compensation for 2.3 in-court hours. The only

adjustment the CJA administrator made to the fee voucher with respect to in-court hours was to the hourly rate used by Counsel for this time. The CJA administrator properly reduced the total incurred for the 2.3 hours to $395.50 (reflecting that Counsel incurred 1.4 hours of time at $170.00/hour and 0.9 hours at $175.00/hour). I conclude that the CJA administrator's correction is appropriate and I recommend that Judge Huck approve the amount of $395.50 as reasonable.

## Out-of-Court Hours

In the fee voucher, Counsel sought $28,840.00 for a total of 164.8 out-of-court hours. As I explained above, although the CJA administrator did not change the total number of out-of-court hours sought by Counsel in the fee voucher, she did make changes to the applicable hourly rate for out-of-court hours applied by Counsel. I find that the CJA administrator's corrections with respect to the hourly rates used by Counsel are proper.

My review of the out-of-court entries on the fee voucher and Counsel's Itemized Billing document raised additional concerns. I found that some of the time entries listed by Counsel in the fee voucher was duplicative and that other entries required much more detail in order to justify compensation for the time incurred. Consequently, I spent a great deal of time during the November 24, 2009 meeting with Counsel inquiring about the out-of-court hours listed in the fee voucher.

During the November 24, 2009 meeting, I specifically questioned counsel regarding the following entries as they appeared insufficiently detailed: 5/26/08 (0.5 hours), 6/22/08 (0.5 hours), 7/18/08 (2.0 hours), 7/25/08 (1.5 hours), 7/31/08 (2.5 hours), 8/7/08 (3.0 hours), 8/8/08 (2.5 hours), 8/9/08 (2.7 hours), 8/12/08 (0.5 hours), 1/27/09 (0.8 hours), 3/4/09 (4.0 hours), 3/9/09 (1.2 hours), 4/1/09 (0.3 hours), 1/27/09 (0.8 hours) and 3/4/09 (4.0 hours).

Following the meeting, Counsel provided additional detail to supplement the majority of these entries, specifically the entries on the following dates: 5/26/08 (0.5 hours), 6/22/08 (0.5 hours), 7/18/08 (2.0 hours), 7/25/08 (1.5 hours), 7/31/08 (2.5 hours), 8/7/08 (3.0 hours), 8/8/08 (2.5 hours), 8/9/08 (2.7 hours), 8/12/08 (0.5 hours), and 3/4/09 (4.0 hours). I find Counsel's supplemental explanation of these entries sufficient and I approve these time charges.

Counsel also voluntarily eliminated two of these unclear entries entirely. Accordingly, I will eliminate these entries from inclusion in the voucher: 1/27/09 (0.8 hours) and 3/9/09 (1.2 hours).

Also during the meeting, I questioned Counsel regarding what appeared to be a number of duplicative entries, specifically: 8/19/08 (two entries of 3.0 hours each), 10/13/08 (two entries totaling 4.8 hours each), 1/9/09 (one entry for 4.5 hours and two entries for 4.0 hours) and 1/10/09 (one entry for 3.7 hours and one entry for 4.5 hours). Following said meeting, Counsel acknowledged that he had inadvertently included some duplicative entries in the Itemized Billing document and voluntarily eliminated the entries dated: 8/19/08 (one entry of 3.0 hours), 10/13/08 (one entry of 4.8 hours), 1/9/09 (one entry of 4.0 hours) and 1/10/09 (one entry of 3.7 hours). Counsel voluntarily reduced the total number of hours included in the fee voucher by 15.5 hours.

I commend Counsel for recognizing the deficiencies in the fee voucher and for his willingness to voluntarily reduce the amount requested once I apprised him of the duplicative entries. Despite Counsel's willingness to voluntarily eliminate the entries noted above, some problem entries remain. First, the Itemized Billing document contains a total of three entries for work done researching, drafting and preparing the Omnibus Motion on

1/9/09.[3] Counsel voluntarily eliminated one of these entries (the entry on page 5) but I must eliminate the second duplicate entry found on page 4 as well. Thus, I reduce the total amount of out-of-court hours by another 4.0 hours.

Second, the CJA administrator noted that Counsel sought compensation for visiting his Client in prison on 8/7/08 - 8/8/08 in two separate entries (two entries for 3.0 hours each).[4] I approve the CJA administrator's correction and eliminate one of these entries, thereby reducing the out-of-court hours by another 3.0 hours.

Third, Counsel seeks reimbursement in the fee voucher for 0.3 hours for a "Teleconference with Attorney General (State/Broward)" on April 1, 2009. The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court reinforces the Guidelines and makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." As Counsel has failed to provide the reason for the duration of the call, I cannot recommend that Counsel be compensated for the entire call. Consequently, I recommend that Counsel only be compensated a total of 0.1 hours for this call.

---

[3] The three duplicative entries for 1/9/09 read: page 3- "Corrections and Revisions of Previous Motion to Adopt (1.0 hour), Work on First Draft of Omnibus Motion to Hold in Abeyance (3.0 hours)", page 4- "Corrections and Revisions of Previous Motion to Adopt (1.0 hour), Work on First Draft of Omnibus Motion to Hold in Abeyance (3.0 hours), Continued Preparation of Omnibus Motion (1.5 hours)" and page 5- "Research/Preparation Omnibus Motion."

[4] Although the CJA administrator noted that the fee voucher included two separate entries for time Counsel spent visiting his client on these same dates, the CJA administrator inadvertently failed to reduce the total out-of-court hours listed in the fee voucher by 3.0 hours.

I conclude that the remainder of the out-of-court hours spent by Counsel on this matter were reasonably expended. Although Petitioner had earlier filed his own *pro se* Petition, Counsel filed two Amended Petitions for habeas corpus relief on October 24, 2008 and February 24, 2009 **[See DE # 52 & 81]**. The first Amended Petition filed by Counsel was 35 pages long and the second Amended Petition filed by Counsel was 36 pages long. In both Amended Petitions, Counsel, on behalf of Petitioner, raised six claims challenging Petitioner's conviction and his death sentence.

While Counsel was representing Petitioner before the Court, Petitioner continued to file his own *pro se* filings with the Court **[See DE # 87 & 89]**. In some of these *pro se* filings, Petitioner accused his prior counsel and counsel for the State of a conspiracy to deprive Petitioner of his constitutional rights. Petitioner later accused Counsel of participating in said conspiracy. This eventually led to Counsel's decision to file a Motion to Withdraw from representing Petitioner in this case.

Based upon my review of the record of this case, it is clear that this case was rendered more difficult because of the complex constitutional issues advanced by Petitioner and also by Petitioner's behavior and actions. Moreover, Counsel was required to expend more time and effort than would normally be required in the average case because Counsel had to familiarize himself with Petitioner's pending state court postconviction proceedings as this case was progressing. Furthermore, as Petitioner had previously filed a number *pro se* motions in this case, Counsel was required to expend additional time reviewing all of the earlier *pro se* filings by Petitioner at the outset of his representation.

Lastly, because Counsel was brought in as replacement counsel, he was forced to review all of the work performed in this case by prior counsel before he could commence effectively representing Petitioner. These factors undoubtedly made this case more complex than the average case and justifies the vast majority of time spent by Counsel in this matter. The undersigned acknowledges and appreciates all of the tasks undertaken by Counsel which were required in this matter. I again commend Mr. Feiler for his professionalism and his willingness to police his own fees.

## RECOMMENDATION

In sum, I recommend that Counsel should be paid a total of **$24,654.90 ($395.50 for in-court hours, $23,885.00 for out-of-court hours and $374.40 in expenses)** as adequate compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have fourteen (14) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Paul C. Huck, United States District Judge.

Signed this ___ day of January, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc: United States District Court Judge Paul C. Huck
    Jeffrey E. Feiler, Esq.
    Lucy Lara, CJA administrator